**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ADALBERTO JUNNIOR CASCO-ARTOLA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1]<br><br>Respondent. | ) | No. 2:26-cv-03521-SHL-atc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On November 6, 2026, pro se Petitioner Adalberto Junnior Casco-Artola filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF No. 1.) He challenges the lawfulness of his immigration-related detention. (Id. at PageID 2.) Casco-Artola states that he entered the United States in 2022. (Id. at PageID 9.) He voluntarily appeared for a scheduled ICE check-in appointment in Nashville with his spouse and child on November 2, 2026. (Id. at PageID 6.) There, he was arrested and separated from his spouse and child. (Id.) He is detained at the West Tennessee Detention Facility, and seeks immediate release or a bond hearing. (Id. at PageID 1,

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the Warden of the West Tennessee Detention Facility is dismissed from the case.

[2] Petitioner also filed an Emergency Motion for Expedited Consideration and Limited Temporary Restraining Order Relief. (ECF No. 4.) The Motion is **GRANTED** to the extent this Order provides the relief requested therein.

7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner shall file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 9th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE