**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ADALBERTO JUNNIOR CASCO ARTOLA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondent. | ) | No. 2:26-cv-03521-SHL-atc |

**ORDER GRANTING PETITION**

On November 6, 2026, pro se Petitioner Adalberto Junnior Casco Artola's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 was filed. (ECF No. 1.) Petitioner challenges the legality and constitutionality of his immigration-related detention. (Id. at PageID 6.) He seeks release from Respondent's custody or, in the alternative, an individualized bond hearing. (Id. at PageID 7.)

Petitioner signed and dated the Petition on November 5. (Id. at PageID 8.) However, on November 6, he was transferred to a detention facility in Natchez, Mississippi. (ECF No. 8 at PageID 58.) Unaware of the transfer, the Court issued its Order Staying Transfer and Requiring Response on November 9. (ECF No. 6.) On November 13, Respondent filed his response, in which he informs the Court of Petitioner's transfer, and contends that, as a result of his transfer, this Court lacks jurisdiction. (ECF No. 8 at PageID 58.) Additionally, Respondent contends that the Petition should be dismissed because Petitioner has not exhausted his administrative remedies. (Id. at PageID 59.)

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately transport Petitioner back to the Western District of Tennessee at the Government's expense and to release him immediately.

## BACKGROUND

Petitioner is a citizen of Nicaragua who entered the United States in 2022. (ECF No. 8-2 at PageID 67; ECF No. 1 at PageID 9.) After voluntarily appearing for a scheduled ICE check-in on November 2, Petitioner was taken into custody and detained at the West Tennessee Detention Facility. (Id. at PageID 1, 6.) Petitioner signed and dated the Petition on November 5, and the clerk received and filed it the next day. (Id. at PageID 8.) The same day the Petition was filed, Respondent transferred Petitioner out of the Western District of Tennessee to a detention facility in Natchez, Mississippi. (ECF No. 8 at PageID 58.)

## ANALYSIS

Petitioner challenges the legality of his continued immigration-related detention. (ECF No. 1 at PageID 2.) He seeks release from Respondent's custody or, in the alternative, an individualized bond hearing. (Id. at PageID 6.) Respondent argues that the Petition should be dismissed because (1) due to Petitioner's transfer, this Court lacks jurisdiction, and (2) he has not exhausted administrative remedies. (ECF No. 8 at PageID 57.)

First, Respondent contends that this Court lacks jurisdiction because Petitioner was transferred to Natchez, Mississippi on November 6 before Petitioner filed his Petition. (Id.) "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F.

App'x 670, 671 (6th Cir. 2002)). And, "[u]nder the 'prison mailbox rule,' a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts." Neal v. Bock, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001). Here, Petitioner signed and dated the Petition a day before Petitioner's transfer to Natchez. (ECF No. 1 at PageID 8.) Thus, the Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee.

Second, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 8 at PageID 59.) Specifically, Respondent contends that because "Petitioner has not made a bond request or a custody determination request with the immigration judge,"[1] the requested habeas relief is premature. (Id. at PageID 60–61.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

[1] Notably, based on Respondent's arguments, it does not appear that Petitioner received an I-286 form. The regulations state that DHS uses Form I-286 to document the initial custody determination. 8 C.F.R. § 236.1(g). The I-286 Form is "especially important because it includes 'the formal mechanism—a box the detainee may check—to immediately request" that an Immigration Judge review DHS' custody determination at a custody redetermination hearing (i.e., a bond hearing). Viamontes Castellano v. Tindall et al., No. 3:26-cv-729RGJ, 2026 WL 3410754, *2 (W.D. Ky. Nov.10, 2026) (quoting Garcia-Maya v. Blanche, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026)). "Absent an initial custody review, a noncitizen may not be aware that they are eligible for a bond hearing or know how to request one." Sanchez Marquez v. Warden, Desert View Facility, No. 5:26-CV-05368-MBK, 2026 WL 2948874, at *5 (C.D. Cal. Oct. 1, 2026).

Here, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos v. Raycraft, 175 F.4th 713, 734 (6th Cir. 2026). ICE's decision to detain him absent important procedural protections violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that although Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Western District of Tennessee. Immediately following Petitioner's return to this District, Respondent is **ORDERED** to release Petitioner, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 17th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE